UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LAMONTE WALKER,

               Petitioner,                            Civil Action No.
                                                        11-CV-11271

vs.

                                                         HON. MARK A. GOLDSMITH

DAVID L. BERGH,

               Respondent.
_____/

## OPINION AND ORDER (1) GRANTING MOTION TO LIFT STAY, REOPEN HABEAS PROCEEDINGS AND AMEND HABEAS PETITION, (2) ORDERING SERVICE OF THE PETITION, (3) DIRECTING RESPONDENT TO FILE RESPONSIVE MATERIALS, and (4) DENYING MOTIONS FOR EVIDENTIARY HEARING AND FOR APPOINTMENT OF COUNSEL

This is a habeas case filed under 28 U.S.C. § 2254.  On March 29, 2011, Petitioner Robert Lamonte Walker, a state prisoner confined by the Michigan Department of Corrections at the Thumb Correctional Facility in Lapeer, Michigan, filed a pro se habeas petition challenging his 1990 convictions for armed robbery, breaking and entering an occupied dwelling, and felony firearm, following a jury trial in the Genesee County Circuit Court.  Subsequently, on May 2, 2011, he filed a motion to stay his habeas petition, requesting that the Court permit him to complete collateral proceedings in the state courts.  The Court granted the motion, stayed the petition, established conditions under which Petitioner must proceed, and administratively closed the case.  Specifically, the stay was conditioned upon Petitioner returning to this Court and asking the Court to lift the stay within twenty-eight (28) days after the conclusion of state-court proceedings.

Pending before the Court is Petitioner's motion to lift the stay and a motion to amend his habeas petition, along with the amended petition, filed on October 5, 2011.  Petitioner states that he

has exhausted his state-court remedies by completing collateral review in state court.  The Michigan Supreme Court denied his application for leave to appeal on September 6, 2011.  <u>People v. Walker</u>, 802 N.W.2d 347 (Mich. 2011).  Because Petitioner timely returned to this Court moving for the stay to be lifted and the case to be reopened, the Court will grant his motion, lift the stay, and permit the filing of the amended petition.

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner following the exhaustion of state-court remedies.  <u>See e.g.</u>, <u>Rodriguez v. Jones</u>, 625 F. Supp.2d 552, 559 (E.D. Mich. 2009).  Because Petitioner is now alleging that he has exhausted his claims with the state courts, his petition is now ripe for consideration.  Accordingly, the Court will order that this case be reopened.  The amended petition is deemed filed.

The Court will further order that the Clerk of the Court serve a copy of the amended habeas petition and a copy of this order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases.

The Court also will order Respondent to file a response to the amended habeas petition within six months from the date of the Court's order.  A habeas-corpus petitioner who challenges the legality of his state custody is entitled to reasonably prompt disposition of his petition.  <u>Ukawabutu v. Morton</u>, 997 F. Supp. 605, 610 (D.N.J. 1998).  This Court has the discretion under the rules governing responses in habeas cases to set a deadline for a response to petitioner's habeas petition.  <u>Erwin v. Elo</u>, 130 F. Supp.2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court also will order Respondent to provide this Court with the Rule 5 materials at the time that he files his answer.  The habeas-corpus rules require respondents to attach the relevant portions of the transcripts of the state-court proceedings, if available, and the court may also order,

on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. Chavez v. Morgan, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996).

Finally, the Court will afford Petitioner forty-five days from the receipt of Respondent's answer to file a reply brief, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."

Petitioner also has requested that an evidentiary hearing be conducted on his claims. The Court finds that an evidentiary hearing is not warranted at this time. Petitioner's request remains premature. Rule 8 (a), Rules Governing Section 2254 Cases in the United States District Courts, states in pertinent part: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." The district court has discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. Brofford v. Marshall, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989); United States v. Sanders, 3 F. Supp.2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court

has not yet received an answer or the state-court record from Respondent. Without those materials, the Court is unable to determine whether an evidentiary hearing on Petitioner's claims is needed. Once the Court receives Respondent's answer and the Rule 5 materials, the Court will be in a better position to determine whether an evidentiary hearing is necessary to resolve the claims raised in the petition. Accordingly, the Court denies the motion for an evidentiary hearing without prejudice. The Court will reconsider Petitioner's motion if, following receipt of the responsive pleading and Rule 5 materials, the Court determines that an evidentiary hearing is necessary. Petitioner need not file any additional motions.

Petitioner also requests that the Court appoint him an attorney, because the issues in his case are complex and substantial. However, there exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The Court determines that the interests of justice do not require appointment of counsel at this time. The Court will reconsider Petitioner's request if, following a review of the pleadings and the necessary Rule 5 materials, the Court determines that appointment of counsel is necessary. Petitioner need not file additional motions on this issue.

For the reasons stated, it is ORDERED as follows:

(1) Petitioner's motion to lift the stay on his habeas petition and administratively reopen his habeas proceedings and amend his petition (Dkts. 7 and 10) are granted. The amended

petition is deemed filed.

(2) The Clerk of the Court shall reopen this matter and serve a copy of the amended petition (Dkt. 10) and a copy of this order on Respondent and on the Attorney General for the State of Michigan as provided in Rule 4, Rules Governing Section 2254 Cases.

(3) Respondent shall file an answer and produce the entire state-court record within six months from the date of this order.

(4) Petitioner shall have 45 days from the date that he receives the answer to file a reply brief.

(5) Petitioner's motion for an evidentiary hearing and motion for appointment of counsel (Dkts. 8 and 9) are denied without prejudice.


Dated: October 28, 2011                          s/Mark A. Goldsmith _____
       Flint, Michigan                           MARK A. GOLDSMITH
                                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 28, 2011.

                                                 s/Deborah J. Goltz _____
                                                 DEBORAH J. GOLTZ
                                                 Case Manager

5